IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| ARTHUR L. STROHL, III | : | BANKRUPTCY NO.: 5-12-bk-05929-JJT |
| aka ARTHUR LEWIS STROHL, III, | : | |
| aka ARTHUR L. STROHL | : | |
| NANCY S. STROHL | : | |
| aka NANCY SUSAN STROHL, | : | |
| DEBTORS | : | |
| CHARLES J. DeHART, III, TRUSTEE | : | {**Nature of Proceeding**:Trustee's Objection to Claim #10 of the Bank of New York Mellon by its Attorney in Fact Ocwen Loan Servicing, LLC (Doc. #60)} |
| OBJECTANT | : | |
| vs. | : | |
| THE BANK OF NEW YORK MELLON BY ITS ATTORNEY IN FACT OCWEN LOAN SERVICING, LLC, | : | |
| CLAIMANT | : | |

# OPINION

This matter arises out of the Chapter 13 Trustee's Objection to a claim filed by the Debtors on behalf of a mortgagee creditor, Ocwen Loan Servicing/Bank of New York.

Some background would be helpful. The Debtors' confirmed plan provides for a cure of the mortgage arrearage pursuant to 11 U.S.C. § 1322(a)(5). The Debtors' plan estimated the Ocwen arrearage to be $16,356, but then provided that "the Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court." Doc. #34 at ¶ 2.C. Ocwen

[K:\Cathy\Opinions-Orders filed 2014\5-12-bk-05929-JJT_Strohl.pdf]

Case 5:12-bk-05929-JJT    Doc 67    Filed 01/16/14    Entered 01/16/14 11:43:45    Desc
Main Document     Page 1 of 3

objected to confirmation alleging that it was owed an arrearage of $19,018.05. The plan was confirmed over that Objection and that of the Trustee. While Ocwen disputed the arrearage, no proof of claim was filed by Ocwen. The proof of claim deadline set in the 341 notice was February 17, 2013. Doc. #3. It was not until June 25, 2013, that Debtors' counsel filed a proof claim for the arrearage on behalf of the mortgagee. Claim #10. The Trustee has objected to this claim arguing that the time to file a claim by the Debtors on behalf of a creditor has expired under Federal Rule of Bankruptcy Procedure 3004, rendering the claim filing untimely. Doc. #58.

In order for the claim to be paid by the confirmed plan, the plan requires that it be "allowed." That can only take place under § 502 of the Code. Unfortunately for the Debtors, § 502(b)(9) requires me to disallow a claim if it is not timely filed. While no formal proof of claim was filed by Ocwen, the Debtors argue that the relief motion filed by that creditor has all the components of a proof of claim and, therefore, could be considered an "informal" proof of claim. In our Third Circuit, our appeals court has given tacit approval to a five part test to determine whether a filing meets the requirement of a proof of claim, thus qualifying as an informal proof of claim. *In re American Classic Voyages Co.*, 405 F.3d 127 (3rd Cir. 2005).

> Under the five-part test, a document will qualify as an informal proof of claim in bankruptcy only if it is in writing, contains a demand by the creditor on the bankruptcy estate, expresses an intent to hold the debtor liable for the debt, and the document is filed with the bankruptcy court. If a document meets those four requirements, the bankruptcy court must determine whether, given the particular surrounding facts of the case, it would be equitable to treat the document as a proof of claim.

*Id.* at 131 (footnotes and citations omitted).

It has been stated that the Fifth Circuit routinely recognizes lift stay motions as informal proofs of claim. *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 740 (5th Cir. 1995). Nevertheless, the

whole issue of whether the lift stay motion filed by Ocwen is an informal proof of claim is, I believe, a red herring. Secured creditors are not required to file proofs of claim. *In re Mansaray-Ruffin*, 530 F.3d 230, 235 n.4 (3rd Cir. 2008). I can not compel the secured creditor to file a secured claim. Because it is not the secured creditor that now asks me to consider a lift stay motion as an informal proof of claim, I find the Debtors simply lack standing to make such a request. Simply put, the Debtors' position must ride on whether they can file a creditor claim in excess of 30 days past the claims bar date, without specific permission of this Court. I find they can not by the clear language of Rule 3004.

But all is not lost. Section 502 allows an exception to this Rule should such be otherwise permitted by the Federal Rules of Bankruptcy Procedure. Rule 9006 allows a movant to obtain an extension of time where the failure to file a timely claim was the result of excusable neglect. Moreover, § 502(j) allows me to reconsider an earlier disallowance should the equities demand it.

The following is my Order sustaining the Trustee's Objection to the Debtors' claim filed on behalf of Ocwen, without prejudice to the Debtors seeking authority to file a late claim under Rule 9006.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(CMS)

Date: January 16, 2014